**KESSLER, Plaintiff, v. NEW SENECA HOTEL COMPANY, Defendant.**

Common Pleas Court, Franklin County.

No. 190594. Decided October 19, 1954.

Allen Pretzman, for plaintiff.
Hamilton & Kramer, for defendant.

## OPINION

By BARTLETT, J.

MOTION TO STRIKE FROM THE PETITION, OVERRULED AS TO ALL BRANCHES THEREOF.

Suit filed for personal injuries resulting from fall on dance floor of defendant hotel.

Branches 1, 2 and 3 request that the averments be stricken, referring to the facilities of the dance hall offered by the hotel to its guests and

the public for hire, and that plaintiff and her friends on said date visited said hotel to dine and dance, and while she was dancing with one of these friends, she fell, etc.

It is objected that these allegations are purely evidential. However, such averments set forth the status of the plaintiff as an invited guest for hire from which the common law duty of care by the defendant arises. The facts creating such duty should be alleged. **29 O. Jur. Negligence, Sec. 136, p. 611.** The allegations that plaintiff visited the hotel and dance hall with friends, one of whom she was dancing with, are explanatory averments made by way of inducement, of matters connected with the subject of the controversy, which are always proper, in order to give the Court an intelligent understanding of such facts that otherwise might be left vague and uncertain, even though such facts may not be material in the least, to the controversy between the parties. **31 O. Jur. Pleading, Sec. 56, p. 593.**

Branches 4 to 8 inclusive, request that words be stricken, such as, "negligence, carelessness, excessive amount of wax powder, exceedingly slippery, and dangerous," as mere conclusions of the pleader. The allegations of negligence, carelessness, dangerous, etc., if followed by the specified ways in which they are negligent, etc., are not objectionable. Allegations of negligence may be tested by the presence or absence of supporting or operative facts. **Munn v. Herriff, 2 O. Supp. 401;** there must be allegations of the facts upon which the conclusion rests. if the conclusion be pleaded. **Trustees of School, etc., v. Odlin, 8 Oh St 293.**

Branches 9 to 20 inclusive, except 11 and 15, seek to strike allegations such as "conditions known to defendant and not to the plaintiff, conditions not ascertainable by visual inspection, etc. Such averments may be deemed justified, where the necessary statements of new facts constituting the cause of action, suggests the implication of negligence, as such implication of contributory negligence, should be negatived. **29 O. Jur. Negligence, Sec. 138, 612;** if the plaintiff's pleading is burdened with a suspicion of contributory negligence, it is incumbent upon him to avert the inference by averment of facts which relieve him of such suspicion. **Dougherty v. Cincinnati Traction Co. 17 O. D. N. P. 513; Oakwood Street Ry. Co. v. Marker, 83 Oh St 99;** the same necessity may exist if the facts imply a venturous assumption of risk, by intelligent acquiescence in a known danger. **Masters v. New York C. Ry. Co., 147 Oh St 293; Porter v. Toledo Terminal Rd. Co., 152 Oh St 463.**

Branches 11 and 17 seek to strike out references to the use of a preparation or ingredient not customarily used or recommended for conditioning such dance floors. A special custom or usage in any particular trade, business or profession, must be specially pleaded. **31 O. Jur. Pleading, Sec. 19, p. 551.**

Motion to strike from petition, overruled as to all branches thereof. Entry accordingly with exceptions by counsel for defendant.